**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Caroline LeGrande, H. Paul LeGrande, Jr., and Marion Mancini, Appellants,

v.

South Carolina Electric & Gas Company, Respondent.

Appellate Case No. 2011-204148

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-125
Heard March 6, 2013 – Filed March 27, 2013

———————

**AFFIRMED**

———————

Robert B. Ransom, of Leventis & Ransom, of Columbia, for Appellants.

Steven James Pugh and Mason A. Summers, both of Richardson Plowden & Robinson, PA, of Columbia, and John M. Mahon, Jr., of Cayce, for Respondent.

———————

**PER CURIAM:** Caroline LeGrande, H. Paul LeGrande, Jr., and Marion Mancini (LeGrandes) appeal the order of the trial judge granting summary judgment to

South Carolina Electric and Gas Company (SCE&G) in an action over destruction of cedar trees and a fence along Turkey Farm Road near Blythewood. We affirmed.

The LeGrandes argue the circuit court erred in finding as a matter of law that in 2005 they did not own the cedar trees and fence along Turkey Farm Road that SCE&G destroyed. Regardless of whether the South Carolina Department of Transportation (SCDOT) owned the right of way in fee, SCE&G had the right to use SCDOT's right of way to cut trees under South Carolina Code sections 58-9-2020 (1976) and 58-27-130 (Supp. 2012) (granting telephone and power companies the right to use public roads for their lines). In addition, pursuant to the 1936 electric power easement to SCE&G's predecessor, the power company had the "right to cut or trim trees along said line." The 1967 easement for SCDOT on Turkey Farm Road stated that the LeGrandes were not to erect any "buildings, fences, signs or other obstructions" in the right of way. Accordingly, the LeGrandes' claims for trespass, destruction of trees, destruction of fence, and conversion fail as a matter of law.

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**